UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO.: 2:17-cr-146-SPC-MRM

KAYLA KRISTINE FLORES
_____

### ORDER[1]

Before the Court is Defendant Kayla Flores' Amended Motion to Terminate Supervised Release (Doc. 107), which neither the United States Attorney's Office nor Probation Office oppose. For the below reasons, the Court grants the motion.

Just over five years ago, the Government filed a two-count Indictment against Flores and her co-defendant, Demon Speed, charging them with a drug conspiracy in violation of 21 U.S.C. § 846 and § 841(b)(1)(B)(vi).. (Doc. 1). The Court adjudicated Flores guilty of the conspiracy and sentenced her to forty-one months' imprisonment followed by forty-eight months of supervised release. (Doc. 92). Flores has served her prison sentence and has been at a halfway house since December 7, 2020 for supervised release. She now asks the Court to end her term of supervised released early.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1).  The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.  18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).  A court has discretion to end a term of supervised release early.  *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After considering the above principles against Flores' Motion and the record, the Court grants her unopposed requested relief.  Flores has completed more than two years of her four-year term of supervised release.  She has successfully completed all requirements of her supervision and complied with all terms and conditions of her supervision.  And neither the Government nor the Probation Office object to ending early Flores' supervision.  The Court is

thus satisfied that Flores' conduct and the interest of justice warrant terminating her supervised release early.

Accordingly, it is now

**ORDERED:**

Defendant Kayla Flores' Amended Motion to Terminate Supervised Release (Doc. 107) is **GRANTED**.

**DONE AND ORDERED** in Fort Myers, Florida on March 13, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record